# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
June 2000 Session

## STATE OF TENNESSEE v. DYRON H. YOKLEY

**Appeal as of Right from the Circuit Court for Lawrence County**
**No. 20669-20671      Robert L. Jones, Judge**

---

**No. M1999-00290-CCA-R3-CD - Filed September 29, 2000**

---

Pursuant to a plea agreement, Dyron Yokley, the defendant and appellant, entered "best interest" pleas to four (4) counts of aggravated robbery. The plea agreement provided that the "[d]efendant is to receive an [eight] 8 year package with a sentencing hearing to determine any alternative sentencing, if applicable." Following a sentencing hearing, the trial court sentenced the defendant to eight years for each count, concurrently, as provided in the plea agreement. Relying primarily on the defendant's criminal history and previous sentences of probation, the court ordered the defendant to serve his sentence in the Tennessee Department of Corrections. The defendant now appeals, arguing that all parties were unaware that the defendant was statutorily ineligible for probation and that his plea was thus involuntarily given. Because we find this matter is a post-conviction issue rather than one properly raised at this time, we affirm the judgment of the trial court

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court of Lawrence County is Affirmed**

JERRY SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, J., and JOHN EVERETT WILLIAMS, J., joined.

Gregory D. Smith, Clarksville, Tennessee, attorney for the appellant, Dyron H. Yokley.

Paul G. Summers, Attorney General and Reporter, David H. Findley, Assistant Attorney General, Nashville, Tennessee and Mike Bottom, District Attorney General and James G. White, Assistant District Attorney, Lawrenceburg, Tennessee attorneys for the appellee, State of Tennessee.

## OPINION

Initially, we note that the defendant is correct in one respect; because he entered "best interest" pleas to four (4) counts of aggravated robbery, he was ineligible for consideration of probation. Tenn. Code Ann. § 40-35-303(a). However, a motion to withdraw a plea must be made

prior to the judgment becoming final. Tenn. R. Crim. P. 32 (f).[1] The defendant made no such motion. After a judgment becomes final, a defendant may then seek to have his guilty plea set aside in post-conviction proceedings. Tenn. Code Ann. § 40-30-201 et seq. Thus, although this challenge, if proven, may form the basis of a post-conviction petition, this Court lacks jurisdiction to hear the case in its present posture.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY SMITH, JUDGE

---

[1] Tennessee Rule of Criminal Procedure 32 (f) provides

> [a] motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw his plea.